UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEXANDRIA C. MAXWELL et al., <br><br>             Plaintiffs, <br><br>     vs. <br><br> THERESA MCKAY et al., <br><br>             Defendants. | 3:15-cv-00584-RCJ-WGC <br><br> **ORDER** |

This case arises out of a dispute over survivor benefits payable to the child of a soldier killed in action in Afghanistan. Defendants have moved to dismiss for lack of jurisdiction and failure to state a claim.

I.      **FACTS AND PROCEDURAL HISTORY**

Plaintiffs Alexandria Maxwell and Roberta Maxwell-Stewart are the surviving child and spouse, respectively, of a U.S. Army sergeant killed in Afghanistan. They have sued three employees of the Defense Financing and Accounting Service ("DFAS") for alleged miscalculations of (or refusals to approve) benefits under the Survivor Benefit Plan ("SBP"). The claims are based on DFAS's recognition of another child of the decedent (apparently from another mother) who is entitled to a share of the available SBP benefits, as well as DFAS's denial of Alexandria's claim of incapacity for self-support after the age of 22. Defendants have moved to dismiss.

## II. DISCUSSION

The Complaint invokes the Court's jurisdiction under 42 U.S.C. § 1983 and the Administrative Procedures Act ("APA"). The Court must dismiss because no claim is stated under § 1983 (or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)), and there is yet no jurisdiction under the APA.

First, Plaintiffs have not made out a claim under § 1983, and amendment would be futile. Plaintiffs allege action by federal officials acting under color of federal law, and no § 1983 claim lies under those circumstances. *See* 42 U.S.C. § 1983 ("Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any **State or Territory or the District of Columbia***, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." (emphases added)). Nor is a *Bivens* action viable. *Bivens* actions do not lie where there is an alternative, existing process whereby a plaintiff may protect his interests, and the availability of judicial review of an agency decision is such a process. *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1120–21 (9th Cir. 2009) (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). The Supreme Court has explicitly declined to extend *Bivens* in most contexts. *Mirmehdi v. United States*, 689 F.3d 975, 980–81 (9th Cir. 2011) (collecting cases and citing, *inter alia*, *Schweiker v. Chilicky*, 487 U.S. 412 (1988) (holding that denials of social security benefits do not give rise to *Bivens* claims)).

Second, although the availability of review under the APA prevents a *Bivens* claim, there is yet no jurisdiction under the APA, because there has been no final agency action. *See* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). Defendants note that DFAS has issued a decision on the pending claim for unpaid SBP benefits, but that Plaintiffs may still

appeal to the Defense Office of Hearings and Appeals ("DOHA"). (*See* Edwards Decl. ¶¶ 8–9, ECF No. 9). Congress has authorized the Secretary of Defense to settle the claims at issue here. *See* 31 U.S.C. § 3702(a)(1)(A) ("The Secretary of Defense shall settle . . . claims involving uniformed service members' pay, allowances, . . . and survivor benefits . . . ."). Department of Defense Instruction No. 1340.21, which has been codified as an appendix to the CFR, provides that appeals of claims made to components such as DFAS must be made within 30 days, upon which the component will prepare a report and recommendation for submission to DOHA for a final decision after considering any rebuttal by the claimant. (*See* DODI 1340.21 E7, ECF No. 9-1; 32 C.F.R. Pt. 282, App. E(k)). DODI 1340.21 is signed by general counsel for the Department of Defense, not the Secretary of Defense, but the Secretary of Defense has via Department of Defense Directive 1340.20 vested general counsel with the authority to develop claim settlement policies. *See* DODD 1340.20. As there has yet been no final agency action, the Court has no jurisdiction to review DFAS's rulings. There will presumably be jurisdiction for a court to hear an APA claim if Plaintiffs are unsatisfied with DOHA's eventual decision.

The Court need not address the qualified immunity issue.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

Dated this 29th day of June, 2016.

_____
ROBERT C. JONES
United States District Judge